**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No.: 10-cv-3487 |
| | )<br>) |
| LONNIE DANTZLER, individually and d/b/a D & B CONSTRUCTION | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Construction and General Laborers' District Council of Chicago and Vicinity ("District Council"), on its own behalf and on behalf of the trustees of the District Council Labor-Management Cooperation Committee ("LDC/LMCC") and the Laborers-Employers Cooperation Education Trust ("LECET"), for its Complaint against Defendant, LONNIE DANTZLER, individually and doing business as D & B Construction, for failure to timely remit wage deductions to the District Council and certain employer contributions, states:

### COUNT I
### FAILURE TO REMIT EMPLOYEE WAGE DEDUCTIONS AND EMPLOYER CONTRIBUTIONS IN VIOLATION OF LMRA SECTION 301

1. The District Council is a labor organization within the meaning of the Labor Management Relations Act ("LMRA") Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

2. The LDC/LMCC and LECET are labor-management cooperation committees that maintain their principal offices in this district. The LDC/LMCC and LECET are funded primarily

by employer contributions required by collective bargaining agreements negotiated by the District Council. The trustees of the LDC/LMCC and LECET have authorized the District Council to act on behalf of the LDC/LMCC and LECET for purposes of collecting contributions owed, and the District Council brings this action on their behalf. (LDC/LMCC and LECET will be referred to collectively as "the Affiliated Organizations")

3. Defendant LONNIE DANTZLER (herein " Defendant" or "Dantzler"), resides in this district and is an officer or owner of D & B CONSTRUCTION ("Company"). DANTZLER, by operating, undertaking obligations and doing business in the name of an unincorporated business entity is personally liable for the obligations undertaken in the name of D & B CONSTRUCTION. DANTZLER, individually and doing business as D & B Construction is an employer within the meaning of LMRA Section 101(a), 29 U.S. C. § 152(2).

4. Jurisdiction and venue are properly vested in this Court under LMRA Sections 301(a) and ( c), 29 U.S.C. §185(a) & ( c).

5. The District Council has maintained successive labor agreements with the Company, the most recent of which is effective by its terms from June 1, 2006 to May 31, 2010 (the "Agreement").

6. Under the Agreement, the Company is obligated to (a) deduct initiation fees and monthly dues from its employees' wages pursuant to a written assignment from its employees, in amounts designated by the District Council, and (b) remit them to the District Council not later than the tenth day of the following month, along with dues remittance reports. Employers who fail to remit union dues are also liable to pay an additional 10% in liquidated damages to the District Council and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

7. Pursuant to the Agreement, the Company is bound by the Affiliated Organizations' governing trust documents and is obligated to pay contributions for each hour worked by its employees to the Affiliated Organizations. The Company is required to remit contributions to the District Council for transmittal to the Affiliated Organizations along with a remittance report.

8. Pursuant to the Affiliated Organizations' governing trust documents, employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages, and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

9. Since about July 2009 and continuing through the present, Dantzler, individually and doing business as D & B Construction, failed to timely deduct union dues from employees' wages and timely remit those union dues to the District Council.

10. By the aforementioned conduct, Dantzler, individually and doing business as D & B Construction, has breached the Agreement in violation of Section 301 of the LMRA and has caused damage to the District Council and the Affiliated Organizations, including lost earnings and administrative costs.

11. Dantzler, individually and doing business as D & B Construction is also liable for accrued liquidated damages incurred during the periods of September 2009 through October 2009 for previous untimely union dues remittances.

WHEREFORE, based on Count I of this Complaint, Plaintiff respectfully requests that this Court enter judgment against LONNIE DANTZLER, individually and doing business as D & B CONSTRUCTION, containing the following relief:

    (a) ordering LONNIE DANTZLER, individually and doing business as D & B CONSTRUCTION, to pay delinquent dues and liquidated damages on all delinquent dues and individual fund contributions;

(b) ordering LONNIE DANTZLER, individually and doing business as D & B CONSTRUCTION, to pay 10% liquidated damages on all untimely remitted union dues and industry trust fund contributions required by the Agreement;

(c) ordering LONNIE DANTZLER, individually and doing business as D & B CONSTRUCTION to pay all liquidated damages and shortages previously accrued;

(d) ordering LONNIE DANTZLER, individually and doing business as D & B CONSTRUCTION, to pay all costs of collection, including reasonable audit fees, attorneys' fees and costs;

(e) ordering LONNIE DANTZLER, individually and doing business as D & B CONSTRUCTION, to remit all future dues and industry trust fund contributions on a timely basis; and

(f) ordering such other relief as this Court deems just and proper.

Respectfully submitted,

/s/Kara R. Eisen
Kara R. Eisen
One of Plaintiff's Attorneys

J. Peter Dowd
Michele M. Reynolds
Kara R. Eisen
Jeremy M. Barr
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361